UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John E. Sutcliffe, #350197, | ) | C/A No. 4:16-cv-2939-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Judge Timothy Cain, | ) | |
| Judge Paige Gossett, | ) | |
| Judge R.B.H. in Case 8:14-cv-3555, | ) | |
| Warden McFadden, | ) | |
| S.C. Supreme Court, | ) | |
| All Defendants Listed in Case 0:16-cv-992, | ) | |
| All Defendants Listed Within the (170) Page | ) | |
| Complaint Dated May 18, 2016 They Blocked Being | ) | |
| Assigned a Case Number, | ) | |
| The United States, | ) | |
| 193 Member States of the United Nations, | ) | |
| All States and U.S. Territories That Allow Same-Sex | ) | |
| Marriage, | ) | |
| Judge Benjamin Lee, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This was a civil action filed by John Sutcliffe ("Plaintiff"), a state prisoner proceeding *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

## DISCUSSION

Plaintiff's Complaint, not yet in proper form for service, alleges that the district court was without jurisdiction to dismiss prior cases due to mail fraud and criminal conspiracy by the court and that he was entitled to habeas corpus relief in his prior case. (ECF No. 1). The court previously terminated Plaintiffs Crawford, Cook, Chisolm, Mitchell, Duren, Muquit, and Bellamy from this action. (ECF No. 11). On September 19, 2016, the court ordered Sutcliffe to submit proper form documents. (ECF No. 16). On October 14, 2016, Lawrence Crawford filed a Motion for Extension of Time to respond to this court's prior proper form order of September 19, 2016. (ECF No. 18).

The court had previously terminated Mr. Crawford and other Plaintiffs from this case; however, they signed the filing.

The filing stated "We are giving all courts notice of Sutcliffe's ... His case will be argued post humously." (ECF No. 18).  The court takes the filing on October 14, 2016, as a notice of Sutcliffe's death; in addition, the South Carolina Department of Corrections no longer shows record of Sutcliffe's incarceration and Sutcliffe was not due to be released as his sentence was twenty years without the possibility of parole.

Plaintiff's claims are directly related to his claims for habeas corpus relief.  There are no allegations of claims that would survive his death.  Federal courts only have jurisdiction to hear cases and controversies.  U.S. Const. art III, § 2.  An actual controversy must exist between the parties throughout all stages of the proceeding.  *Alvarex v. Smith*, 558 U.S. 87, 92 (2009).  Plaintiff's claim is an attempt to revive a prior habeas case, and as such, is a mooted issue because in death Plaintiff lacks a legally cognizable interest in the outcome of the current case where his relief sought was ultimately release from custody.  *See Powell v. McCormack*, 395 U.S. 486, 496 (1969).

Based on the information presented, it appears that this case is now moot. Therefore, it is recommended that this case be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the district court dismiss the complaint in this case as moot.

October 20, 2016
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).