IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John E. Sutcliffe, ) | |
| ) | C/A No. 4:16-2939-MBS-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Judge Timothy Cain, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff John E. Sutcliffe was an inmate in custody of the South Carolina Department of Corrections. Plaintiff filed a complaint on August 24, 2016, alleging mail fraud and criminal conspiracy with respect to various state and federal actors and entities. Plaintiff seeks reinstatement of a prior habeas case. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

On October 20, 2016, the Magistrate Judge issued a Report and Recommendation in which he informed the court that Plaintiff is deceased, and that there are no claims that would survive Plaintiff's death. The Magistrate Judge recommended that the case be dismissed as moot. On November 2, 2016, the envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Office of the Clerk of Court, marked "DEATH BY NATURAL CAUSE."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

Article III, § 2, of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which restricts the authority of federal courts to resolving "'the legal rights of litigants in actual controversies[.]'" Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (quoting Valley forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982)). If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot. Id. (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990)).

The court has carefully reviewed the record. As the Magistrate Judge properly noted, Plaintiff lacks a legally cognizable interest in the outcome of the case because he ultimately sought release from custody. The court adopts the Report and Recommendation of the Magistrate Judge. The within action is **dismissed as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

November 17, 2016

2